DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-14-26
Baltimore, Maryland 21244-1850



Center for Medicaid and State Operations
Disabled and Elderly Health Programs Group (DEHPG)

January 19, 2005

Diane Nobles
Executive Vice President
Compliance & Integrity
Caremark Rx, Inc.
2211 Sanders Road, 9th Floor
Northbrook, IL 60062

Dear Ms. Nobles:

This letter is in response to Caremark's request to the U.S. Department of Justice regarding the legal obligation of plan sponsors to reimburse State Medicaid agencies. Specifically, Caremark requested that the Centers for Medicare & Medicaid Services provide information that can be shared with your plan sponsors.

In response to your request, we have prepared the enclosed fact sheet. If you need further assistance, you may contact Sue Knefley, of my staff, at (410) 786-0488 or by email at sknefley@cms.hhs.gov.

                              Sincerely,

                              /S/
                              Gale P. Arden
                              Director
                              Disabled and Elderly Health Programs Group

Enclosure

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland 21244-1850

Center for Medicaid and State Operations



## FACT SHEET

### IMPORTANT INFORMATION FOR PLAN SPONORS REGARDING FEDERAL REQUIREMENTS

There are provisions of Federal law that may affect the way you deal with pharmacy claims submitted by State Medicaid agencies. Medicaid is a Federal-State program that pays for health care services for certain low-income persons. The Centers for Medicare & Medicaid Services (CMS) oversees the Federal aspect of the Medicaid program and sets broad policy, while monitoring the States' administration of the program.

According to Federal law, the Medicaid program is intended to be the payer of last resort; that is, Medicaid pays only after other third party sources have met their legal obligation to pay. Medicaid recipients are required to assign to the State any rights to payment for medical care from any legally liable third party payer.[1] This means that where an individual is covered by Medicaid, as well as by another plan offering pharmacy benefits, and Medicaid initially pays a claim, the State Medicaid agency has a legal obligation to pursue the other plan for reimbursement.

Additionally, Federal law requires group health plans to "provide that payment for benefits with respect to a participant under the plan will be made in accordance with any assignment of rights made by or on behalf of such participant or beneficiary of the participant."[2] To the extent you provide pharmacy coverage for a Medicaid recipient and Medicaid pays a claim initially and subsequently bills you or your contractor, you are obligated to honor any assignment of benefit rights made to a state Medicaid program to the same extent that the plan was liable to the participant. The plan's obligation to honor assignment of benefits made by the participant arises at the time the participant initially requests covered pharmaceutical goods, supplies, or services from a pharmacy and before payment by Medicaid or any individual or other third party. Thus, the plan remains liable for pharmaceutical goods, supplies, and services provided to a participant and paid for by Medicaid at the point of sale to the same extent that the plan would have been liable if billed at the point of sale.

Although you may not be aware of it, employees and/or their dependents for whom you provide health care coverage may also be Medicaid recipients. As the primary payer, in such situations, you are responsible for ensuring appropriate consideration

---

[1] 42 U.S.C. § 1396k(a)(1)(A)
[2] 29 U.S.C. § 1169(b)(1)

2

Caremark v. Goetz
Def. NQF 0018
Case 3:04-cv-01112    Document 71-3    Filed 07/08/05    Page 2 of 3 PageID #: 38

of the state's claim for reimbursement. Such situations arise most commonly, for example, in the instance of children who, through their non-custodial parent, are covered by you, and who, through their custodial parent, are covered by Medicaid.[3]

When a Medicaid recipient has pharmacy coverage administered through a pharmacy benefits manager (PBM), the State generally bills the PBM directly for reimbursement. When the PBM is billed in situations in which it has not been authorized to process Medicaid claims, it usually returns the claim to the State. This creates a problematic situation. Since the Medicaid recipient's health plan card generally identifies only the PBM, it is unlikely that the State will know where to bill the pharmacy claim when an entity other than the PBM is responsible for processing Medicaid claims.

You may address this problem by either: 1) authorizing the PBM to process Medicaid claims, or 2) authorizing the PBM to provide information to the State on where to submit claims for consideration of reimbursement. If you choose the latter option, it would be helpful if the PBM provided the State with the plan sponsor's group number that is necessary to process the claims. This will help to ensure that future claims are billed correctly.

---

[3] The Federal Medicaid statute, in fact, mandates that States have laws imposing on employers and insurers requirements that are intended to enhance access to coverage for children through non-custodial parents' health plans. 42 U.S.C. § 1396g-1.
3

Caremark v. Goetz
Def. NOF 0019
Case 3:04-cv-01112   Document 71-3   Filed 07/08/05   Page 3 of 3 PageID #: 99